IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel N. Smith,<br>*a.k.a Samuel Nimrod Smith,*<br><br>    Plaintiff,<br><br>vs.<br><br>SC Attorney General;<br>Bill Collum, Attorney;<br>Sandra Matthews, Auditor,<br><br>    Defendants.<br>_____ | ) C/A No. 3:09-1319-CMC-PJG<br>)<br>)<br>)<br>)<br>) **REPORT AND**<br>) **RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Samuel N. Smith ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1331.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The Plaintiff's Complaint is subject to review pursuant to the inherent authority of this court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1] See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). See also Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 307-308 (1989) (mentioning in *dicta* that "[s]tatutory provisions may simply codify existing rights or powers.

---

[1] Authority in this District indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se,* non-prisoner, fee-paid cases. See Bardes v. Magera, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8-10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*); Key v. United States Dep't of Transp., No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order) (finding that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case). This court is *not* conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2).

Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable, however, the court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"); Rolle v. Berkowitz, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (finding it appropriate to dismiss *sua sponte* and with prejudice a fee-paying *pro se* plaintiff's action when the claims presented no arguably meritorious issue to consider); Cummings v. Giuliani, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (dismissing a non-prisoner *pro se* fee-paid civil action that presented no arguably meritorious claim).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. See Erickson v. Pardus, 551 U.S. 89 (2007); Estelle v. Gamble, 429 U.S. 97 (1976). The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, the requirement of liberal construction does not allow the court to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff filed the above civil action on May 20, 2009, alleging the following facts, verbatim:

> In October 2008 I asked the AG to stop deceptive & misleading ads targeting senior citizens. Instead he attacked me. He has intentionally used his office to destroy me financially when small business owners are struggling. Then, to show his hypocrisy, he has approved the ads even through Congress made the ads obsolete with Worker, Retiree, & Employer Recovery Act 2008. When he first attacked me, 'they just wanted to make sure I was not using my RIA to generate income'. When I gave them my 1099's for 2007 ($147) and 2008 ($1248) he proceeded to call my broker and threatened to revoke his license. Again to show his hypocrisy, my broker could only clear series 7 license transactions. He knew or should have known it was impossible for me to use my RIA without a clearing house. His actions have revealed his conflict of interests with the three insurance companies & three FMO's. His lack of integrity has left me no choice but to involve the SEC, IRS, FINRA and FBI.

(Compl., Docket Entry 1 at 3-4.)

Plaintiff indicates that "[t]his experience has resulted in my placing my home for sale." (Id. at 5.) Plaintiff asks the court to "[j]ust get this phony liar off my back until I can move out of SC." (Id.) Plaintiff's Complaint provides no information in the statement of claim regarding Defendants Bill Collum[2] or Sandra Matthews.[3]

---

[2] Plaintiff initially submitted a summons form for Defendant Bill Collum, Attorney. Plaintiff later submitted a summons form for an individual named William J. Condon, Jr., Assistant Attorney General. Plaintiff left a message with the Office of the Clerk of Court indicating that the party originally identified as Defendant Bill Collum was actually William J. Condon, Jr. Plaintiff has not amended his Complaint to name William J. Condon, Jr. Therefore, the court's docket reflects the parties as originally named in the Complaint.

[3] Plaintiff also submitted a summons form for an individual named T. Stephen Lynch, Attorney. However, no such party appears in the Complaint, and Plaintiff has not submitted an amended complaint reflecting an intent to add this individual to the case. Therefore, T. Stephen Lynch has not been added to the court's docket in this action.

## DISCUSSION

In order for a court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, MD., 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also F. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

A Plaintiff must allege the facts essential to show jurisdiction in his pleadings. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F. 2d 348, 350 (4th Cir. 1985) (stating that "plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc. v. City of Frederick, MD., 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient

procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. As discussed below, the allegations contained in the Plaintiff's Complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978). The court has no diversity jurisdiction over this case because, according to the Plaintiff's service documents, he and the Defendants are all residents of South Carolina. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert that the Defendants have violated a federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. When considering the issue of whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." Lyon v.

Centimark Corp., 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see also Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908). Thus, even had Plaintiff made assertions that his federal rights were violated, this court would not be bound by such allegations, and would be entitled to disregard them, if the facts did not support Plaintiff's contentions.

In the present action, Plaintiff has paid the full filing fee, therefore, the provisions of the 28 U.S.C. § 1915 do not apply to this case. Notwithstanding the Plaintiff's payment of the filing fee, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3). Payment of the full filing fee does not cure lack of jurisdiction. See Conner v. Greef, No. 03-5986, 2004 WL 898866, at **1 (6th Cir. April 26, 2004). As the Plaintiff's Complaint fails to include facts essential to establish federal question or diversity jurisdiction over the above-captioned case, the action is subject to dismissal.

## RECOMMENDATION

Accordingly, the court recommends that the above-captioned case be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 17, 2009
Columbia, South Carolina

*The Plaintiff's attention is directed to the important Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).